Lynn S. Walsh, OSB #924955
email: lynn@lynnwalshlaw.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JASON SWANSON,<br><br>      Plaintiff,<br><br>  vs.<br><br>NAPHCARE, INC., LEANNE DOWNEY, LPN and SARAH MURDOCK, LPN<br><br>      Defendants. | NO.  3:24-cv-1293<br><br>COMPLAINT<br>Civil Rights Action (42 U.S.C. § 1983); Negligence<br><br>DEMAND FOR JURY TRIAL |

  This is a Civil Rights action with a pendent state claim for negligence concerning the defendants' deliberate indifference to a prisoner in the Clackamas County Jail.  Specifically, a nurse gave plaintiff the wrong medications, the Naphcare medical personnel failed to take appropriate actions to notify staff and monitor plaintiff, resulting in plaintiff's collapse.  A corrections officer's quick thinking and the performance of CPR may have saved plaintiff's life. Plaintiff was diagnosed with poisoning, and eventually recovered.

Page 1   COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§ 1983 and 12101 et seq., 29 U.S.C. § 794, and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Pendent jurisdiction is asserted for separate state law claims under 28 U.S.C. § 1367.

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, all of the acts and practices alleged herein occurred in the Clackamas County Jail in Oregon City, Oregon.

## PARTIES

3. Plaintiff Jason Swanson is an adult currently residing in Clackamas County, Oregon.

4. Defendant Naphcare, Inc. is a corporation with its principle office in Birmingham, Alabama. It is registered to do business in Oregon. Naphcare is in the business of providing healthcare to correctional facilities and provides the healthcare to adults in custody at the Clackamas County Jail.

5. Defendant Leanne Downey, LPN is an employee of Naphcare and works at the Clackamas County Jail. She is sued in her individual capacity.

6. Defendant Sarah Murdock, LPN is an employee of Naphcare and works at the Clackamas County Jail.

7. At all times relevant, all defendants acted under color of state law.

Page 2        COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

## FACTUAL ALLEGATIONS

8. Plaintiff was booked into the Clackamas County Jail in Oregon City, OR on or about August 3, 2022.

9. Plaintiff takes prescription medications.

10. Naphcare has a pharmacy license and dispenses prescription drugs to its patients at the Clackamas County Jail.

11. Naphcare is responsible for maintaining accurate medical and pharmaceutical records for its patients. Unfortunately, the Naphcare records are in central time zone, thus rendering the records confusing and somewhat meaningless. To add to the confusion, according to Naphcare's medication administration records (MARS) and adjusting for the time change, it appears that they dispense medications at random times throughout the day, including as late as 11:00 pm, long after "lights out." Adding to the confusion, and because of the incorrect time zone, the MARS indicate that medications were given after midnight on a particular day, when they were actually given on the prior day, thus making it very difficult to assess how many doses patients received in a given day.

12. On August 14, 2022, Mr. Swanson was on the jail phone when he was called back to the medication administration window. He was told that he was given the wrong medications, plus Keppra.

13. Clackamas County Jail records indicate that that phone call came in at 8:21 pm.

14. The Naphcare MARS do not reflect that Mr. Swanson was given any medications at all on August 14, 2022.

Page 3         COMPLAINT                                          LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

15. Although the erroneous medications were given shortly after 8:21 pm, it was not noted in the medical records until 11:36 pm by Sarah Murdock, LPN. Ms. Murdock also noted that "message sent to statcare, RN notified."

16. At 11:41 pm, Leanne Downey, LPN noted that she gave Mr. Swanson the wrong medications at "evening med pass." She further states that "RN and STAT care was[sic] alerted."

17. According to Naphcare's website, STATCare is a telehealth service staffed by Nurse Practitioners and are available 24 hours a day, seven days a week.

18. The only STATCare record in the file was made at 1:20 am.

19. At approximately 12:55 am on August 15, 2022, Mr. Swanson hit the panic button in his cell. Both Nurse Murdock and a deputy responded. At this time, Mr. Swanson collapsed and CPR was started. Mr. Swanson was revived.

20. The ambulance was called at 1:05 am and responded at 1:16 am. Mr. Swanson had a very low and dangerous blood pressure of 80/58.

21. Mr. Swanson arrived at the hospital at 1:44 am. He was diagnosed with poisoning, accidental overdose, opioid overdose. He spent time in the ICU and was eventually released from the hospital within 24 hours.

22. Between the time of the medication error and Mr. Swanson's collapse, Nurses Murdock and Downey failed to take any action or to monitor Mr. Swanson.

23. Nurses Murdock and Downey did not seek the advice of any medical doctor regarding the overdose. Nor did they call Poison Control.

Page 4     COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

24. Nurses Murdock and Downey failed to initiate the transport to a hospital after they discovered the overdose.

25. Although Nurses Murdock and Downey claim to have alerted STATCare, the records indicate that the STATCare NP was not notified until 1:20 am, i.e., after Mr. Swanson collapsed.

26. Mr. Swanson incurred $13,127 in medical bills as a result of the overdose and inaction of Nurses Murdock and Downey.

### FIRST CAUSE OF ACTION

**(Civil Rights 42 U.S.C. § 1983 Against Defendant Naphcare)**

27. Plaintiff realleges paragraphs 1-26.

28. Defendant Naphcare was deliberately indifferent in the following ways:

   a. In failing to implement and enforce adequate policies and procedures regarding medication administration;

   b. In failing to implement and enforce adequate policies and procedures regarding medication administration records;

   c. In failing to implement and enforce adequate policies and procedures regarding medication errors;

   d. In failing to train its employees regarding proper medication administration; and

   e. In failing to train its employees regarding the proper response to medication errors.

Page 5          COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

29. Defendant Naphcare's conduct was deliberately indifferent to the serious medical needs of plaintiff, thus violating plaintiff's right to due process of law under the Fourteenth Amendment to the United States Constitution.

30. As a result of Naphcare's violations of Mr. Swanson's Constitutional rights, he was poisoned and almost died. Accordingly, Mr. Swanson is entitled to economic and noneconomic damages in an amount to be determined at trial for the violation of 42 U.S.C. § 1983, and plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### (Negligence- Against Defendant Naphcare)

31. Plaintiff re-alleges paragraphs 1-26.

32. The agents and employees of Defendant Naphcare were negligent in the following particulars:

    a. In giving Mr. Swanson the wrong medications;

    b. In failing to have Mr. Swanson seek advice or medical attention from a qualified medical provider after they became aware of the medication error;

    c. In failing to simply call Poison Control for guidance; and

    d. In failing to monitor Mr. Swanson after they became aware of the medication error.

33. Naphcare's agents and employees knew, or should have known that their acts and omissions would result in a foreseeable risk of harm to Mr. Swanson.

Page 6    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

34. Naphcare's agents and employees' conduct was unreasonable in light of the risk of harm to Mr. Swanson.

35. As a direct and proximate result of the defendant Naphcare's acts or omissions, Mr. Swanson suffered a life-threatening overdose, has incurred medical bills, and suffered non-economic damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Civil Rights 42 U.S.C. § 1983 Against Defendants Murdock and Downey)

36. Plaintiff realleges paragraphs 1-26.

37. Defendants Murdock and Downey were deliberately indifferent in failing to take appropriate action after the medication error was discovered including:

    a. Failing to seek advice from a medical doctor or other qualified practitioner;

    b. Failing to seek advice from poison control;

    c. Failing to monitor plaintiff for any adverse reactions to the wrong medications;

    d. In failing to transport plaintiff to a hospital after the medication error was discovered; and

    e. In failing to notify security staff of the medication error so security could monitor plaintiff.

38. Defendants Murdock and Downey's conduct was deliberately indifferent to the serious medical needs of plaintiff, thus violating plaintiff's right to due process of law under the Fourteenth Amendment to the United States Constitution.

Page 7     COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com

39. As a result of defendant Murdock and Downy's violations of Mr. Swanson's Constitutional rights, Mr. Swanson suffered a life-threatening overdose, has incurred medical bills, and suffered non-economic damages in an amount to be determined at trial. Accordingly, Mr. Simms-Belaire is entitled to economic and noneconomic damages in an amount to be determined at trial for the violation of 42 U.S.C. § 1983, and plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for economic and non-economic damages in an amount to be determined at trial;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 12205, and 29 U.S.C. §794(b); and

c. For such other and further relief as may appear just and appropriate.

DATED: August 7, 2024          /s/ Lynn S. Walsh
                                Lynn S. Walsh, OSB #92495
                                (503)790-2772
                                lynn@lynnwalshlaw.com
                                Attorney for plaintiff

Page 8          COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
lynn@lynnwalshlaw.com